TULSA STREET RAILWAY CO. v. BEAUCHAMP.

No. 14604—Opinion Filed Jan. 29, 1924.

Rehearing Denied March 4, 1924.

1. Appeal and Error—Prejudicial Error—Improper Argument.

Improper argument by counsel in the submission and trial of a cause to the jury, which is reasonably calculated to and does result in undue influence with the jury in reaching its verdict, will operate to reverse the cause on appeal as other prejudicial errors.

2. Same—Proper Argument and Instructions.

Record examined; held, that the argument of counsel and instruction of the court in connection therewith were within the issues submitted to the jury.

3. Verdict Sustained.

Record examined: held, to support the verdict for plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County: Redmond S. Cole, Judge.

Action by T. B. Beauchamp against the Tulsa Street Railway Company, for damages on account of personal injury. Judgment for plaintiff, and defendant brings error. Affiirmed.

A. F. Moss, L. G. Owen, and J. C. Farmer, for plaintiff in error.

Robinett & Ford and E. H. Beauchamp, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced his action against the defendant for damages on account of personal injury alleged to have been suffered on account of the negligence of the defendant. In the trial of the cause judgment went for the plaintiff, and the defendant has perfected an appeal of the cause to this court. The defendant rests its right of reversal on a single proposition:

(a) Improper argument by counsel for plaintiff to the jury and instruction of the court in connection therewith. The error assigned relates to the following proceedings:

."Mr. Robinett: Did he owe us any duty besides a lookout? They owed us the duty not to run recklessly through there and hit us.

"Mr. Moss: I object to that argument, if Your Honor please for the reason it is not within the instructions of the court."

The ruling of the court thereon is in the following language:

"The ruling of the court will be that the argument of counsel in so far as the statement goes is proper, the court did not intend to say to the jury that the only duty was to maintain a lookout, but in addition to maintaining a lookout, to so conduct the car that in the exercise of ordinary care pedestrians would not be hurt."

The contention of the defendant is that the court's general instruction related only to the requirement that the defendant maintain ordinary care in keeping a proper lookout in front of his car, and that the plaintiff was confined to the breach of this duty as his only ground of negligence for recovery. In connection with this claim, the defendant contends that the oral instruction relating to the argument of counsel to the effect that the defendant should exercise ordinary care in preventing injury to pedestrians, added a new ground for recovery in addition to the general instruction and that it was error to add this ground as a basis for recovery after the argument by defendant to the jury.

The negligence in the petition was the failure of the motorman to have the car under control as it approached the place of the accident, and failure to maintain a lookout for the presence of the plaintiff. The defendant by its general denial joined issue with plaintiff on these questions.

In paragraph No. 6 of the instruction the court instructed the jury to the effect that

if they found from a fair preponderance of the evidence in the case, that the defendant was guilty of negligence as claimed by the plaintiff, it should return a verdict for the plaintiff. This instruction submitted the issue joined by the parties on the question of the car approaching the place of the accident with lack of control by the motorman. By the entire instruction the jury was instructed, first in substance, by paragraph No. 6, that it was the duty of the defendant to exercise ordinary care in driving its car for the safety of plaintiff, and by paragraph No. 7, the jury was further instructed that it was the duty of the defendant to exercise ordinary care in maintaining a lookout for the presence of plaintiff. Therefore, it follows that argument by counsel for plaintiff was within the issue joined and submitted to the jury, and the oral instruction of the court complained about was merely an amplification of paragraph No. 6. Therefore error was not committed by counsel for plaintiff in making the argument complained about, nor did the court commit error in amplifying the instruction previously given.

Therefore it is recommended that this cause be affirmed.

By the Court: It is so ordered.